1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                          **DISTRICT OF NEVADA**

6                                  * * *

7    CHRISTIANA TRUST,                          Case No. 2:15-cv-01149-RFB-NJK

8                    Plaintiff,                          **ORDER**

9         v.

10   SFR INVESTMENTS POOL 1, LLC
     CORNERSTONE HOMEOWNERS
11   ASSOCIATION
     TERRA WEST COLLECTIONS GROUP *dba*
12   Asset Management Services,

13

14                   Defendants.

15   SFR INVESTMENTS POOL 1, LLC,

16                   Counter Claimant,

17        v.

18   CHRISTIANA TRUST,

19
                     Counter Defendant.
20

21       **I.      INTRODUCTION**

22
             Before the Court are Plaintiff Christiana Trust's ("Christiana Trust") Motion for Summary
23
     Judgment, Defendant Cornerstone Homeowners Associations' Motion for Summary Judgment,
24
     and Defendant Terra West Collections' Motion for Judgment on the Pleadings. ECF Nos. 118,
25
     119, 120. For the following reasons, the Court grants all the motions.
26

27   / / /

28

## II. PROCEDURAL BACKGROUND

Christiana Trust sued Defendants on June 17, 2015, seeking declaratory relief and quiet title that a nonjudicial foreclosure sale conducted in 2013 pursuant to NRS Chapter 116 on a Las Vegas property did not extinguish a deed of trust attached to the property. ECF No. 1. Christiana Trust filed the operative second amended complaint on April 18, 2016. ECF No. 48.  Defendant SFR Investments Pool 1, LLC ("SFR") answered on May 3, 2016. ECF No. 52. Cornerstone answered on June 17, 2016. ECF No. 61. Cornerstone also filed a jury demand on June 17, 2016. ECF No. 63. Defendant Terra West answered on June 17, 2016. ECF No. 48. On October 13, 2016, the Court stayed the case pending the issuance of the mandate in <u>Bourne Valley Court Trust v. Wells Fargo Bank, N.A</u>. ECF No. 78. The Court denied all pending motions without prejudice with leave to refile when the stay is lifted on October 14, 2016. ECF No. 79. On April 4, 2019, the Court lifted the stay. ECF no. 108. Christiana Trust and Cornerstone both moved for summary judgment on July 1, 2019, while Terra West moved for judgment on the pleadings. ECF Nos. 118, 119, 120.  A hearing on the pending motions was held on October 1, 2019, and this written order now follows.

## III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts:

### a. Undisputed Facts

On or around August 2007, Erik Bryant purchased real property located at 10576 Danielson Avenue, Las Vegas, Nevada 89129 (the "property"). The property is subject to the covenants, conditions and restrictions (CC&Rs) of the Cornerstone Homeowners Association ("Cornerstone"), which requires property owners to pay monthly assessments. Bryant financed his purchase with a $312,000 loan from Countrywide Bank, FSB, secured by a deed of trust

naming MERS as the nominee-beneficiary. As evidenced by a deed of trust recorded on June 20, 2011, all beneficial interest in the deed of trust was assigned from MERS to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing ("BAC"). Bryant fell behind on monthly assessments. A notice of claim of delinquent assessment lien was recorded against the property by Defendant Assessment Management Services ("AMS") as HOA trustee on behalf of the HOA on September 23, 2011, stating an amount due of $2,204. On April 3, 2012, a notice of default and election to sell was recorded against the property stating an amount owed of $3,427.62. In response, on May 7, 2012, an employee of the law firm Miles Bauer LLP, on behalf of deed of trust beneficiary Bank of America (BANA), as successor by merger to BAC, requested payoff/HOA assessment information for the superpriority portion of the lien.

On May 10, 2012, AMS sent Miles Bauer an account statement dated through May 10, 2012, showing a total amount owed of $3,731.89. The account statement reflected that monthly assessments of $49.45 were charged in 2011, when the notice of delinquent assessment lien was recorded. Nine months of assessments in 2011 was $445.05. The account statement did not list any maintenance or nuisance and abatement charges. AMS's corporate witness has testified that its policy at the time was to respond to a request to pay off the superpriority portion with a demand for payment in full. On May 24, 2012, Miles Bauer sent a letter to AMS with a check for $506.25, which represented more than the superpriority portion of the lien. AMS returned the check for $506.25. At that time, AMS had a policy of rejecting such a "partial payment," i.e., a payment that was not for the full lien amount. AMS also had a policy that unless a lender with a senior deed of trust tendered full payment of the entire lien amount, AMS would continue with collections, proceed to sale, and eliminate the deed of trust. On July 11, 2013, a notice of foreclosure sale was recorded against the property by AMS on behalf of the HOA. On August

21, 2013, a trustee's deed upon sale was recorded indicating that SFR had purchased the property

for $18,000 on August 6, 2013. All beneficial interest in the deed of trust was assigned to

Christiana Trust as evidenced by an assignment of deed of trust recorded on April 4, 2014.

### b. Disputed Facts

The Court finds there to be no material disputed facts.

### IV.  LEGAL STANDARD

#### a. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When

considering the propriety of summary judgment, the court views all facts and draws all

inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim,

747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party

"must do more than simply show that there is some metaphysical doubt as to the material facts

…. Where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007)

(alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve

genuine factual disputes or make credibility determinations at the summary judgment stage.

Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

#### b. Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides: "Motion for Judgment on the Pleadings.

After the pleadings are closed—but early enough not to delay trial—a party may move for

judgment on the pleadings." This Circuit has held that "a Rule 12(c) motion is 'functionally identical' to a Rule 12(b)(6) motion . . . . A judgment on the pleadings is properly granted when, 'taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'" Gregg v. Dep't of Pub. Safety, 870 F.3d 883, 887 (9th Cir. 2017) (citations omitted). In reviewing a grant of a Rule 12(c) motion, the Ninth Circuit "inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" Harris v. Cty. of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "The Court may find a claim plausible when a plaintiff pleads sufficient facts to allow the Court to draw a reasonable inference of misconduct, but the Court is not required 'to accept as true a legal conclusion couched as a factual allegation.'" Id. (citing Iqbal, 556 U.S. at 678).

## V.    DISCUSSION

The Court finds that Christiana's predecessor-in-interest Bank of America attempted tender in this case, extinguishing the superpriority lien, and thus incorporates by reference and applies the Nevada Supreme Court's reasoning in Bank of Am., N.A. v. SFR Investments Pool 1, LLC, 427 P.3d 113, 116 (Nev. 2018) (en banc), and this own Court's reasoning in Carrington Mortgage Servs., LLC v. Tapestry at Town Ctr. Homeowners Association, 381 F. Supp. 3d 1289, 1298–1299 (D. Nev. 2019).

BANA sent through Miles Bauer a May 7, 2012 letter offering to pay the superpriority amount. The HOA's agent, AMS, sent a statement of account and demanded payment of the entire amount due. Miles Bauer sent a May 2, 2012 letter enclosing a $506.25 check in a good faith effort to tender the nine-month superpriority lien amount. This check represented an amount in excess

of the superpriority portion of the lien on the property. This check was rejected and returned. This evidence leaves no genuine dispute as to tender.

SFR's objections to the evidence raise no more than metaphysical doubt as to whether or not attempted tender occurred. SFR's specific arguments about the admissibility of the Miles Bauer affidavit and impermissible conditions in the letter accompanying the check have been previously addressed and rejected by this Court in Carrington, 381 F. Supp. 3d at 1298, and more recently in Bank of New York Mellon v. Willow Creek Community Association, No. 2:16-cv-00717-RFB-BNW, 2019 WL4677009, at *4– 5 (D. Nev. Sept. 25, 2019) .

Although the Court finds that Christiana Trust prevails on its quiet title claim, the Court rejects the remainder of Christiana Trust's arguments.  The Ninth Circuit has confirmed that NRS Chapter 116 is not facially unconstitutional because of its opt-in notice requirement in Bank of America, N.A. v. Arlington West Twilight Homeowners Association, 920 F.3d 620, 624 (9th Cir. 2019). The Court also dismisses the negligence, negligence per se, misrepresentation, breach of contract, unjust enrichment, tortious interference with contract and breach of implied covenant of good faith and fair dealing claims, incorporating by reference its reasoning  in Deutsche Bank v. Edward Kielty Trust, No. 2:17-cv-01759-RFB-PAL, 2019 WL 1442183 at * 9–10 (D. Nev. Mar. 31, 2019).

**CONCLUSION**

**IT IS ORDERED** that Plaintiff Christiana Trust's Motion for Summary Judgment (ECF No. 118) is granted as to the quiet title claim only. The Court quiets title and declares that SFR acquired the property subject to Christiana's deed of trust.

/ / /

1   **IT IS FURTHER ORDERED** that Defendant Cornerstone Homeowners Association's

2   Motion for Summary Judgment (ECF No. 119) and Defendant Terra West Collections Group's

3   Motion for Judgment on the Pleadings (ECF No. 120) are granted consistent with the findings of

4   fact and conclusions of law in this opinion.

5    

6       **IT IS FURTHER ORDERED** that the notices of lis pendens in this case, (ECF Nos. 3

7   and 21) are expunged.

8   The Clerk of the Court is instructed to close the case.

9           DATED: <u>January 30, 2020</u>.

10

11

12   _____

13   **RICHARD F. BOULWARE, II**
     **UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28